The Court

took time to consider, and all the judges were of opinion upon the first point.
The return of a sheriff, that Ae had levied on the residue of defendant’s goods, after paying off prior executions is void for uncertainty.
Sheriff could not maintain trover or trespass for taking away the goods on such a return.
!. That'in all cases where the sheriff had made actual levies of the defendant’s goods, &c. for the instalments due, but had not proceeded to sale, he was entitled to his fees and half commissions on all sums actually recoverable under the instalment law. And in cases where security-had been demanded and refused, and where the sheriff had in consequence thereof, proceeded to sell partfpr cash, and part for bonds, pursuant tó the terms of the act, there he was entitled to his fees, and to whole commissions on the debt.
2. That an indorsement on the back of an execution, in the manner mentioned, of a levy on residue, after paying off prior executions, is no levy at all. It may be ten times as much as the debt due, or it may be nothing ; or it may be casting a net over all a defendant has in the world. It is too vagué and uncertain to be warranted in law. Executions are separate, distinct things, and do not refer to each other. Besides, the sheriff could not maintain any action on such a levy, if the goods were taken away, or sold to a third person. A list or schedule of the property actually levied on by name and description, ought to be annexed to, or entered on, the back of the execution, and signed by the sheriff, or his lawful deputy, in order that the property may he identified, if necessary. By virtue of the levy or seizure,, the goods are vested in the sheriff; so that he can maintain trover or trespass for them. But how is it possible that he can support an action, unless the goods, &c. are particularly enumerated. And although they remain in the de--fendant’s hands, after levy, yet they are supposed to be in the sheriff’s custody ; for the defendant is as the agent for the sheriff, after a levy made. How could the plaintiff issue-out any new execution, in case of a rescue ? Or again seize them, or send out a venditioni exponas, &?c. unless they were specifically enumerated, so as to enable him to pursue, or retake them wherever found. Again, it is by no means clear that a sheriff would not make himself liable, by such an indefinite return of the property, should it be afterwards taken away, and it should appear that there was enough *321 to pay the debt» For it is laid down in 9. So end* 341 . that where a sheriff returned, he bad br his officers, seized goods, to the value of 1604 which were' rescued out of Ms custody, and the defendant had no other goods, the sheriff was made answerable, because the return was iíl — no specific property being mentioned, which the plaintiff could pursue, or against which h.; could issue a vendition: exponas* Bina great inconvenience which would attend this indefinite levy, would be, that a defenderá never cowl sell any pare of his properly whilst an execution was ims^ii.jhed, ibr fear the property so sold might be talen as pan die property levied on. Purchasers too would be unsaí \ as there could be no telling what pare of a defend = ant’s properly was seized, and what part clear. For all which reasons, the return origin to express with precision, every thing levied on, or at least, as much as is sufficient to satisfy the debt, but no more. Otherwise it cannot be considered as a levy; and If no levy, then no commissions are payable.
^ ¡¡ f of j i-yonom le-uv1 on mould ht‘ mmuai &Y- Yimv.Y-. ('1 O* th«¿ om¡' *«i»; »r.
3. That in cases where levies were made, which did not come under the Instalment law, but where the whole war, payable, the „ sheriff is entitled to half commissions on the whole debt.
4. That the return of the sheriff, with a list of the property so ascertained as above, on the back of an. execution, o 7 was prima pide evidence of the property seized and levied "Mi, so as to bmd it for the payment of the debt.